Call our next case, United States v. Manzo Good morning, your honors. Glenn Warren Mark on behalf of the United States and I'd like to request three minutes for rebuttal. Your honors, we're not going to charge this case as it did because we have a serious candidate for public office for the second largest city in the state of New Jersey. Does serious matter? It could in terms of intent and obviously it is our position that what matters in this case is the intent in the end and the fact that he was a serious candidate for public office demonstrates that the intent was possible. They were charged in addition to this Hobbs Act violation, they were also charged with two counts of trafficking in interstate commerce for the purpose of getting a bribe. Is there anything else like use of mail fraud, wire fraud? I don't think there was one additional character, your honor, and I haven't focused on that because it's not the subject that we, you know, share. Okay. So I'd like to order approval. Your honor, walk. Yeah, I mean, given the fortuity that in fact there was interstate travel, your honors are aware that there are a number of other cases in the district that are also being held up based on this. So we do think the issue that the court is facing is in fact one that needs to be resolved and that we think we need to know in the district of New Jersey whether or not we can charge these cases in the future regardless of whether someone travels to New York. So you're focusing on two things, attempt and conspiracy. And you're saying that, okay, if the actual crime we're talking about, no, they weren't in public office. But can, is there an attempt, a defense to attempt for legal impossibility? Legal impossibility is not a defense, your honor. This court has. Well, that's a question of legislative intent. To attempt or conspiracy? Well, conspiracy, it's never whether it can be a factual nor legal possibility. It's never a defense to conspiracy. And it's a question of legislative intent as to attempt. But I have to say even in those cases, your honor, and that stems from the Berrien case going sort of way back. And every time this court has addressed Berrien, it's gone to pains to say how that's an outlier and how the recent trend seems to be going over that. But the status under color of official right is an element of the offense. And you can't attempt to have that. What if the crime were arson of your residence? If they made arson of your residence a specific different federal crime and someone is in the process of buying a home, right? They have an agreement of sale. That's what we have here. How can that be an attempt crime by virtue of the fact that the person is trying to attain the status which is the element of the offense? It makes no sense. Your Honor, I'm going to disagree with you a little bit here. I'm going to assume that the crime were involving insurance fraud on your residence and you're trying to commit to fraud on a property that you're... I'm trying to commit. That's different from trying to attain the status which is the element of the offense. That's what we have here. Your Honor, the point is the attempt is intent to engage in criminal conduct. If this is not criminal conduct by virtue of the person not being in office, then it's seemingly impossible to say that you can have an attempt to commit something that isn't there. So it's an attempt times zero is zero argument. Your Honor, the scheme here, if it had been successful, would have involved Lewis Mann. So, right from the beginning of the offense, that's the point, if successful. Success is better than conspiracy. You may have a better argument there. I think you have a better argument there. Okay, so then focusing on the attempt per se, and I do tend to sort of melt those, and I appreciate Your Honor's focusing me on the attempt. I'll go back to the, I believe it's called the Shoe Case, H.S. Shoe, which Judge Rendell authored, and they are involved in an attempt to steal trade secrets, and it turned out there were no trade secrets, or there didn't need to be trade secrets, because court held. And I think that is very close to what we're talking about. In fact, there are a whole host of cases in this circuit that involve, in the Miners case, Tacharski. I mean, the status of someone being a miner, the person who you want to engage in illicit sexual activity, I mean, that's a pretty important status requirement of that attempt statute, and it turns out your 13-year-old girl can be a 48-year-old FBI agent, and you can still attempt to commit that crime, even though that person doesn't exist, never existed, and never would exist. But if you consummate, it's a crime. Here, the question is, if you consummate the action with regard to a candidate, is it a crime? We say yes, because success or failure is immaterial. It's an attempt because it failed. If it didn't fail, we charge the substantive. Has there ever been a case where a non-successful candidate has been charged, and it's stuck, with regard to the Hobbs Act? We do not come across that fashion scenario. In fact, all of the years the Hobbs Act has been in place, has your office attempted to use attempts or conspiracies involving unsuccessful candidates ever? Yeah, there are a couple of reasons why those cases don't come up very often. The reason those cases don't come up very often is because it's very difficult to prove Hobbs Act, because when someone's a candidate and they're accepting political contributions primarily, we have to prove the quid pro quo, and it's very difficult to prove. It's easy when somebody's in public office, because we can show, you know, you traded this day or for this. Frankly, we don't catch very much, and we don't have very much information about people trying to find candidates, because we don't really have access to what goes on when somebody is unsuccessful. I mean, all the betrayal seems to be stronger when somebody can actually trade something for it. Okay, that's historical. Let me go to a point Dr. Rendell mentioned, under cover of official right. I added a word to that that I think is very important, acting under cover of official right. You know, how, under this fascist scenario, with a man serving as a candidate, could he be acting under cover of official right? He doesn't get caught with that official right until he becomes an office holder. Yes, Your Honor. What we're trying to focus on is what is going to happen in the future with the attack charge as well as with the conspiracy charge. You know, anytime you have a scheme of this nature, I mean, attempted murder, but the steps that you're going to need to take, let me get it differently said. Let's suppose you're having an attempted extortion of a bank, and obviously that requires someone to be a bank employee, but I happen to know my uncle who runs Cobbler's Bank, and I think if I ask him to get a job, he's likely to say yes. So if I start taking all sorts of steps, I want to be in the mortgage loan department, and I'm suggesting that I start recruiting people to do straw purchases, because that's where you're going to make some money, and I get the phony IDs, I get all the stuff, but I'm not yet a bank employee. If this scheme is discovered and it's sufficiently advanced that I've taken substantial steps, the fact that I then go to my uncle and say, okay, I'm ready for the job now, he says, you know what? I changed my mind. I'm not going to hire you. I think we have an attempt, as well as a conspiracy there, because you've taken all sorts of steps for that crime to take place, and the fact that it was even discovered, and he said, you know what? I'm going to hire you to be a mortgage person. But isn't it what matters? What is the essence of that crime?  Isn't the essence of the crime here the fact that the person actually is acting under color? And that's the coercive aspect that animates or is at the... I see what you're getting at. We're having a very difficult time figuring out which essential elements of the crime are really essential and which ones are less essential. Well, let's look at the legislative history of acting under color of racial right. Back to 34, which goes back to 1909 in New York, which goes back to the field code in New York before that. It's all about people in office using that office in effect to get bribes. So what we'd be saying then in that context is that we have two candidates, you know, who are running neck and neck in, you know, four important public offices, and one happens to be successful and one happens to be unsuccessful, even though they do the exact same thing. What happens to be successful means they are then representatives of the people, owing duties to the people. And the person who loses, who cares? Now, let me shift gears with you. Let's try a conspiracy because I think you have a stronger argument there. I mean, a sudden... Do you want to address that? Sure. I mean, conspiracy on the case was absolutely clear on this. I mean, where is the plan? What is the plan that is successful? And that's what this court said in generality. I'm not competing in this society. I'm in the state Congress. I'm in a different element. You know, you have to hit that with jurisdiction. Yes. So, I mean, I'm not sure generality is what helps you so much. I mean, from whose perspective when you talk about conspiracy do you look? Do you look from the perspective of the candidate who thinks that he or she will be elected, or do you look from the perspective of the victim? And when you look at some of the cases out there, including our Mazzi case, M-A-Z-Z-E-I from 75 being that case, it looks like they're looking from the perspective of a victim. Does the victim reasonably believe that the person who's trying to shake them down has the apparent ability to do so? Here, the problem that I have is that ain't no victim. I mean, this is a state. Yes, Your Honor. I think, obviously, those cases are very numerous. A lot of these cases are both state operations. I think conspiracy law focuses on the agreement, and I think you look at the agreement from the parties that are part of the agreement here, the Manson brothers, or the parties who are in the agreement. So the question is, what were they intending to do? They were intending... You want us to extend, in effect, conspiracy beyond the perspective of a victim, and I realize there is a case law that supports that, to the perspective of the candidate. Yes, Your Honor. And that would be absolutely consistent with, you know, again, all the cases, the Tarkarsky case, and... Consistent with it in what way? Well, in which it's the defendant who has the scheme to engage in illicit conduct with the victim. The victim, again, is an FBI agent here. There is no victim. So... How does Tarkarsky support that? I'm sorry. In Tarkarsky, you look at what's in the defendant's mind. The defendant thinks he's going to be having sex with a young child, and the fact that there is no young child, and that's a status crime as much as we can have a status crime, I think. But then you come back to Judge Riddell's point, which is, okay, if you have a... You know that if you go through with it, that's a crime, the Tarkarsky. Here, if you go through with it, you have such an important element, you're not sure that's a crime. Now, here, if you go through with it, and if you are successful, I mean, obviously, if you fail, then you haven't committed the crime. But the scene here and the attempt contemplates... But there was a failure. Here's the problem that we're having, because there was a failure to get elected. Yes, well, failure, I mean, failure is successful, but not the conspiracy as a material. I mean, don't you really have to look here? I think it comes down to, and one of my colleagues touched on it, what did Congress intend for this Hobbs Act? I mean, if you look at the history, you go back as far as the 1700s, it was a similar language. This statute was intended to apply to public officials. I mean, if you accept that, I don't see how you can move it forward. That's really what you're doing, to somebody who must be a public official. It's hard for me to believe, Your Honor, that Congress intended that people, you know, that when John McCain was running for president, they would have thought it was okay for him to accept Hobbs, and he said, geez, why did I lose this election? Well, John McCain was a sitting United States Senator, bad example. Well, you know, good and bad. I mean, I can take someone who doesn't know Hobbs, I can basically take Sarah Palin, although I guess that's who you're talking about. But yeah, I can take someone who doesn't know Hobbs, I'll take Manzo. Manzo's your best example. Candidates are not beholden to the people. Yeah, but what they're doing here, what the Hobbs Act is concerned about is the public office. It's not concerned with the individual. It's concerned with the office of the mayor of Jersey City, New Jersey, not being sold to people for political favors. That's what he's promising today. I think they are, but certain say that the Congress is concerned and has campaign finance laws to govern candidates, and New Jersey has campaign finance laws to govern state candidates. And Congress said we're going to have an omnibus law to cover all kinds of public officials, but I don't see where they ever said this applies to candidates. Your Honor, I think obviously my time is up, and I'll have an opportunity to come back and address this further, but my baseline position is that the cases of each of the successors, that it was a material, and what we have here is a failure for conspiracy to be. Yes, Your Honor. All right, thank you. Thank you. Good morning, Your Honors. I'm John Lynch on behalf of the defendant, Louis Manzo. I'm a co-counsel to George Tase, and I'll be arguing the case. Your Honor, just one quick word. We just left off the last point made by the opposing counsel. Successor failure? Well, I think that's the answer. By looking at the statute itself, and the answer is, it goes back to the initial point that the court made with regard to status, because the statute says who attempts or conspires under color of light. So to even get to the question of success or failure of the conspiracy, you have to meet the threshold of under color of light. Could that language be interpreted to include a candidate? I mean, it doesn't say any public official who, et cetera. It says under color. The color include someone actively engaged in trying to become? No, Your Honor, it does not. I think the statute is clear that it pertains to public power, public authority, office, and, as Your Honor put it, beholden to the people. A candidate is not. What the government is trying to do. What's the basis for that statement by you? Are you going back to legislative history? What are you basing it on? Legislative history. And I think if we take a look at McCormick, getting into this area of contributions to candidates, that's one of the warnings that McCormick issued in his opinion, in the court's opinion. More particularly, I would suggest to you that what is happening here is the political ledger domain that Judge Alvester indicated in his dissent in Sorelle, where the government is trying to take a travel act violation and turn it into a homicide violation. Judge Ambrose, you said it's not as if the NANZOs are walking free and clear here. There are still other charges that are pending. And I should point out, when you had original list, if there was anything else, there was a superseding indictment that came down that charged more fraud. I'm saying that there were political contributions that weren't listed and sent in, which may be valid for another day if you can have a broad contribution, but that's not germane to this particular issue. So I would suggest to the court that the statute itself mandates that you have political office under color of white. That's not what happens with a candidate. The government is trying to extend that. And by extending it, what the government is trying to do is trying to get into an area not contemplated by a statute which is essentially focused on extortion. What do you say, Deschutes? What do you say where, well, this wasn't a minor, so what does it matter? Or the trade secrets. Well, it wasn't a trade secret. And Congress really only wanted to get it where there was a trade secret and where it was a minor. How do you distinguish those cases? There's no status within the statute, Judge. It's not as if the government is coming in and saying, and shoot, oh, he was attempting to become a spy to engage in the trade secret. That's what they're trying to do here. They're trying to create new law by saying you can attempt to achieve the status. The status is a threshold question that under the Hobbs Act is not met by a candidate, and that's why, Your Honor, there are no such cases. But isn't the government really saying that Louis Manziel conspired with a confidential informant, whoever he was, a rec, whoever it was, and others, to violate the Hobbs Act in the future when he got elected by agreeing that you elect me and you help me get elected. When I get elected, I'm going to help get your property developed. I'm going to help get your firm in promotion. That's exactly what you're saying. Okay, but isn't it, aren't they focusing on the conduct that he promises to do, the things he promises to do as a public official, and thereby bringing him through his later conduct under the jurisdiction of the Hobbs Act? But that's putting the cart before the horse. It is. Because under the statute, you have to be in office to have that conspiracy. Under Hobbs, that scenario may very well fit another statute, but it just does not fit Hobbs. Well, there's an agreement. Yes. You admit there's an agreement. I'll concede there's an agreement. The second part is the illegal act. The illegal act is when I get elected and I'm the mayor of Jersey City, I will agree to do these two things, which are illegal, in return for money at that time. But, Judge, to become the mayor of Jersey City isn't an illegal act. No, it's not an illegal act. It's a status. He becomes the public official. And, in fact, he's selling his office in advance. But you can't do that under Hobbs. Hobbs mandates that the office be in existence when the substantive crime occurs or whether the color crime, the attempt or conspiracy occurs. The threshold has to be met before you can have the discussion. How do you distinguish this case from the Seventh Circuit's decision in Mars? Well, I would distinguish it in two ways. I would distinguish it in the fact that in Myers they made specific reference, as did Judge Linares in his decision, to the fact that those people were elected and they said it continued into office. I think that's huge. I would also submit to you that Myers is a case, it's probably the only case that deals with the candidate, and that's been essentially nullified by all the cases that have come after it, including Abbas in its own circuit. You're saying Myers is effectively overruled by the Seventh Circuit? I didn't say overruled, Judge. I said nullified. And by that I mean I think Abbas has taken the precautions that would be given in McCormick, which came after Myers, and also Evans, and realized that Myers is overruled because of what has transpired in the Hobbs Act since. What about the argument that if you look at a conspiracy and you look at it from the perspective of a victim, but if there was, let's say you have, let's go to another state, let's go to Brooklyn in New York, and you have a deal with the city to clean up snow, and somebody says, hey, I'm a candidate, and if you want that contract to continue, you better give me something. The victim thinks, ooh, I'm a little scared now. If this could happen, this guy has a chance of winning. So why is it that a case where you could have a Hobbs Act violation for a conspiracy to do so? Because, well, number one, I go back to my initial point that Hobbs pertains to office holders or people in authority. It doesn't pertain to people seeking office. It doesn't pertain to wishful thinking. And what Charles Lee felt was the first sentence out of the government today was that Mr. Manzo was a serious candidate. But the victim, in my example, believes that the threat of harm is real. But why does that make it a crime if he thinks that it's real? Because a lot of the cases, including our own Nassau case, if I'm pronouncing it correctly, a lot of the victims, the court said that you can look to how the victim perceives what's going on, the shakedown. Yes, but in Nassau, there was public office. So when you're dealing with a candidate, it's like Kennedy, Warren, Dyson, you don't know in your own mind. It could very well be that you perceive that this is in jeopardy, but at the point that that's done, there is no realistic grounds for that impression. There's nothing, there's no authority present from the candidate. Well, in my example, wouldn't the victim believe that the candidate is going to act under color of official right if the candidate was? Let's look at the example harder. What if it looks like this candidate is a shooter? Judge, most respectfully, I think that that is taking cops way too far, and it's taking cops into an area that Congress didn't contemplate. And I would suggest to you, Judge, that it's almost illogical for members of Congress who are enacting these laws that they're going to make their own potential campaign promises, potentially criminal and liable under the Hobbs Act. And that's why the Hobbs Act restricts it to people under office, people in office, people with authority. Congress is not going to chill their own fundraising. What if you're unopposed? What if Mr. Manzo is an unopposed candidate for mayor of Jersey City? Under Hobbs, there's still no authority present. There is still no authority present. Unless you have any other questions, I have nothing to add. You said that Abbas nullifies Myers? Well, I think it nullifies Myers, although it doesn't particularly deal with... See, I thought what Myers said was that under colored official right does not modify a conspiracy. Yes, but to me, the important part of Myers was that they said it only pertains to the candidate when that candidate achieved office. But why would that person still be prosecuted for something that candidate did prior to the election? Well, arguably yes, but again, there's not one case where there has been a prosecution under Hobbs with the candidate who lost. Not one case. Thank you, Your Honor. Thank you. Mr. Marwaka? Your Honor, as a result of the first case, let me change the hypothetical a little bit, so I think this gets to some of the questions that were going. Let's assume that Mr. Manzo is the incumbent here, and he is promising to do the exact same thing he's going to do for these people in his next term, but he loses the election anyway. Now, I think nobody seems to have trouble, at least my sense from where Judge Myers was coming, no one seems to have trouble. But that's different. He's acting, but then he's acting. If he has been elected, he is acting under color of official right. Well, he's promising something that he doesn't have, though. He's not saying, I'm going to give you a benefit, a favor this term while I have the power to do so. He's in campaign mode. The session's over. But he's not saying, oh, well, now, as I do this, you know, I'm really not an official. I'm just a candidate. No, he's acting. The umbrella of public official is over him. None of the rest of those umbrellas are the door of the house. I think most of that example comes from the fact that because he's an incumbent, we feel that he can probably deliver on the promise that's being made. Not that because he's an incumbent and he's promising something that he really can't deliver because we're hypothesizing he's going to lose. But the point is he's doing it while he has the official right to be in office. He doesn't have the official right to make promises about what he's going to do in the next term of the investigation. So there's also a flip response to your question, your hypothetical, which is that's the next case. I'm trying to sort of scope out the fact that in all of these cases, we're talking about future conduct. And so the fact that someone now is either a candidate or an office holder ought not to be determinative. What ought to be determinative is what is the person promising to do? If they're promising when elected, I will take money and I will give this favor. But that's the same. But it doesn't say promising as to. It says acting under. But it's an attempt or a conspiracy. And so we're missing the most crucial part. Let me ask you another question. I'll change the facts a little bit, but then your answer will be important. But let's suppose means that it did get elected. All right. Same facts during the campaign. But when he gets elected, he says to his people, he says, you know what? You guys are fools. You've always lost. This has been as long. And I'm not going to do any of this stuff. I think I actually did violate the object. Actually, my initial question is no, because it's it's the agreement. It's the attempt before the amount of money. OK, but then we fight it off. If there has to be a legal moneys for this, it's not getting the contrariety. But they say, just because he said, if he accepted money, I would call his office. Then we would prosecute as an object. If he says, I'm not going to take any money now that I'm in office, then it would be much, much more difficult. Because he didn't commit the act of taking money when he was a public official. I think it's the same problem you have here. He's got to do some act as a public official. Right. That's what's missing here in this very creative attempt to try to stamp out some of this conduct. I give you a lot of credit for what you're doing. I mean, I just think that element. I think the conspiracy claims are stronger than the attempt claims. And I think the case law about impossibility for conspiracy is rock solid. And failure is not really an issue. Thank you. Case is well argued. We'll take it under advisement. Pass the clerk to me.